UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


UNITED STATES OF AMERICA,

    Plaintiff/Respondent,                      Case No. 19-51178
                                                    Honorable Thomas L. Ludington

v.

ADAM REZNICK,

    Petitioner.
_____/


## ORDER GRANTING RESPONDENT UNITED STATES OF AMERICA'S MOTION TO DISMISS WITHOUT PREJUDICE

On March 18, 2019, an information was filed against Robert Reznick alleging violations of wire fraud from 2009–2016 and filing a false federal income tax return. ECF No. 1 in 19-20148. Robert Reznick pled guilty on March 26, 2019 and was sentenced on July 18, 2019. ECF No. 26 in 19-20148. As part of his sentence, Robert Reznick was required to forfeit eight firearms that he claimed ownership of. ECF No. 29 at PageID.217-218 in 19-20148; ECF No. 7-1 at PageID.56-57.

On August 15, 2019, Petitioner, Adam Reznick, Robert Reznick's son, filed a statement of interest in five of the eight firearms subject to forfeiture. ECF No. 1 in 19-51178. Adam Reznick claimed "I am an innocent owner of the subject property and received the aforementioned property as a gift from my father, Robert Reznick." ECF No. 1 at PageID.2 in 19-51178. Respondent was directed to respond to Petitioner's statement of interest and on September 27, 2019 responded by filing a motion to dismiss. ECF No. 4 in 19-51178. On

November 12, 2019, Petitioner responded to the motion to dismiss and Respondent replied on November 19, 2019. ECF Nos. 6, 7. For the following reasons, Respondent's motion to dismiss will be granted.

## I.

Respondent has moved for dismissal of Petitioner's claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Criminal Procedure 32.2(c)(1)(A). A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted). The Sixth Circuit has held that "a conclusory legal interest" in forfeited property is insufficient to be successful against a motion to dismiss. *United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014); *United States v. Akhtar*, 2018 WL 5883930 at *2 (6th Cir. Sept. 19, 2018).

21 U.S.C. § 853(n)(2) states: "Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the

property." Federal Rule of Criminal Procedure 32.2(c)(1) explains "if a third party filed a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding." It further provides that "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true." *Id.* at 32.2(c)(1)(A). The Court may also permit discovery if "necessary or desirable to resolve factual issues." *Id.* at 32.2(c)(1)(B).

Property eligible for forfeiture does not only include property owned by Defendant at the time of his conviction or sentencing. There is a claw-back provision where the United States may forfeit any of Defendant's property back to the time the crime itself was committed, unless two exceptions apply. 21 U.S.C. § 853(c). The Sixth Circuit held a third party must fit in one of two categories to prevail over the United States' interest in a forfeiture order: (1) "where the petitioner has a legal right, title or interest in the property that was vested in the petitioner . . . or was superior to any right, title, or interest of the defendant *at the time of the commission of the acts which gave rise to the forfeiture of the property*" or (2) "where the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under such section." *United States v. Monea Family Trust I*, 626 F.3d 271, 277 (6th Cir. 2010) (internal quotations omitted) (emphasis added) (quoting 21 U.S.C. § 853(n)(6)(A)–(B)).

A third party who believes she or he meets the requirements of an innocent owner of property may file a petition with the Court asserting their interest in the property.

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. 21 U.S.C. § 853(n)(2)–(3).

**II.**

Petitioner claims he owns five of the firearms seized on October 15, 2017: a Remington Arms Company, Inc. 1100 Shotgun, SN: L868002V; a Companhia Braziliera De Cartuochos 715T Rifle, SN: EMB3639704; a Ceska Zbrojovka Evo 3 S1 Pistol, SN: B834062; a Springfield Armory Socom 16 Rifle, SN: 332702; and a Smith & Wesson 38 Revolver, SN: K750972. Petitioner's entire explanation of his interest in the firearms consists of one sentence: "I am an innocent owner of the subject property and received the aforementioned property as a gift from my father, Robert Reznick." ECF No. 1 at PageID.2 in 19-51178.

The mere statement that Petitioner "received the aforementioned property as a gift from my father, Robert Reznick" is a conclusory statement and Petitioner does not provide any supporting statements or documentation for why the statement is true. Petitioner does not explain when he received the firearms, why his father gifted him the firearms, or any other facts supporting his claim as is required by 21 U.S.C. § 853(n)(2)–(3). Even taking Petitioner's statement as true, it does not establish his interest is superior to the government's interest. Petitioner attempted to furnish additional facts in his response to Respondent's motion to dismiss. However, the additional facts cannot be considered in deciding a motion to dismiss. A motion to dismiss must be decided based on evidence in the initial complaint. *See Ross v. PennyMac Loan Servs. LLC*, 761 Fed.Appx. 491, 494, 496 (6th Cir. 2019); *I.L. by and through Taylor v. Tennessee Dep't of Educ.*, 739 Fed. Appx. 319, 321 (6th Cir. 2018). Petitioner failed to state a claim in his petition and his petition will be dismissed without prejudice.

**III.**

Accordingly, it is **ORDERED** that Respondent's Motion to Dismiss, ECF No. 4, is **GRANTED**.

It is further **ORDERED** that Petitioner's Petition to Adjudicate Validity of Interest, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Dated: December 3, 2019                         s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge